FILED
United States Court of Appeals
Tenth Circuit

March 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL RICHARD JASTRZEMBSKI,

    Defendant - Appellant.

No. 15-5095

(D.C. No. 4:90-CR-00074-GKF-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.[**]

Defendant Paul Jastrzembski pled guilty in 1991 to conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. At sentencing, the district court found Defendant conspired to manufacture and distribute 9.072 kilograms of methamphetamine. Defendant's base offense level was 34 and remained there after applicable enhancements and reductions. Coupled with a criminal history category VI, Defendant's base offense level resulted in a sentencing

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

guidelines range of 262–327 months. The district court sentenced Defendant to 300 months' imprisonment. In November 2014, Defendant moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the U.S.S.G., which revised § 2D1.1(c). The district court ruled it lacked jurisdiction to consider the motion and Defendant appealed. We exercise jurisdiction under 28 U.S.C. § 1291 and summarily affirm.

Section 3582(c)(2) provides that a district court may reduce a previously imposed prison term if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has authorized a § 3582(c)(2) reduction if a guidelines amendment that it has declared retroactive lowers the defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2). Amendment 782 retroactively reduced a number of drug quantity base offense levels listed in U.S.S.G. § 2D1.1 by two levels. Unfortunately for Defendant, the base offense level for manufacturing and distributing 9.072 kilograms of methamphetamine was, at the time of his sentencing, and is now 34. Thus, Defendant's sentence was *not* "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district court correctly concluded that Defendant is not eligible for a reduction of sentence pursuant to § 3582(c)(2).

Accordingly. Defendant's motion to proceed in forma pauperis on appeal is allowed, his motion for release on bail pending appeal is denied as moot, and the decision of the district court is—

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge